UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERT HARRIOTT,

                       Plaintiff,

            -against-

UNITED STATES POSTAL SERVICES; NEW YORK
STATE DEPARTMENT OF MOTOR VEHICLES;
JUDGE NINA R. MORRISON,

                       Defendants.
------------------------------------------------------------------X

**ORDER**
24-CV-7332 (LDH) (RML)

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Albert Harriott brings this *pro se* action, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 1, 2.) For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. In order to proceed with this action, Plaintiff is granted until January 23, 2024, to either file a Long Form IFP application or to pay the $405.00 filing fee.

    "The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A) and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP

statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

The Court finds Plaintiff's IFP application does not satisfy the Court that he is unable to pay the filing fee to commence this action. (*See generally* ECF No. 2.) Plaintiff merely writes "N/A" or "0" in every section and provides no information concerning whether he earns income from employment or other sources, whether he has money in a checking or savings account, whether he has regular monthly expenses, financial obligations, debts, financial dependents, or any assets. (*Id.* ¶¶ 2-8.) "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. To proceed with this action, Plaintiff is granted until January 23, 2024, to either file a Long Form IFP application or to pay the $405.00 filing fee.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

Dated:   January 2, 2025  
         Brooklyn, New York